O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNETTE MILLS, | Case No. CV 07-05055 DDP (CTx) |
| Plaintiff, | **ORDER DENYING PLAINTIFFS' MOTIONS FOR ADDITIONAL DISCOVERY, FOR SETTLEMENT CONFERENCES, TO CONTINUE THE HEARING ON THE MOTION FOR SUMMARY JUDGMENT, AND TO CONTINUE THE TRIAL DATE** |
| v. | |
| LYNWOOD UNIFIED SCHOOL DISTRICT, RACHEL CHAVEZ, MARTINA RODRIGUEZ, MARIA LOPEZ, JOSE LUIS SOLACHE, ALFONSO MORALES, GUADALUPE RODRIGUEZ, DHYAN LAL, ROBERTO CASAS, DIANE LUCAS; ANIM MENER, MALCOLM BUTLER, | [Motions filed on May 14, 2009] |
| Defendants. | |

The instant motions involve five Plaintiffs from seven related cases against Defendant Lynwood Unified School District, arising from claims of age, race, national origin, and disability discrimination. Five of the seven[1] Plaintiffs filed identical motions requesting that this Court permit additional discovery and move the upcoming trial and summary judgment hearing dates.[2] These Plaintiffs also request that the Court order additional settlement conferences.

---

[1] The two other related cases are: Jantha Harris, CV 07-05058, and Jess Gatzek, CV 07-05062. Plaintiffs Harris and Gatzek have not joined the present motions.

[2] The summary judgment hearing is currently set for June 13, 2009. The trial is currently set to begin on July 14, 2009. The Court notes that it began an eight week criminal trial on June 23, 2009, which will likely affect Plaintiffs' current trial date.

**I.  PLAINTIFF'S MOTION FOR AN ORDER PERMITTING ADDITIONAL DISCOVERY AND TO CONTINUE THE MOTION FOR SUMMARY JUDGMENT**

 A. <u>Background</u>

 The five Plaintiffs and cases at issue on this motion are as follows:

  1) Cornelia Davis, CV 06-06066;
  2) Fannie Jones Hundley, CV 07-05025;
  3) John Delaney, CV 07-05049;
  4) Ngozi Usim, CV 07-05052; and
  5) Annette Mills, CV 07-05055.

The Davis case was removed to this Court on September 22, 2006. The other cases were filed in federal court on August 2, 2007. The discovery cut-off for all cases was October 1, 2008. Accordingly, Plaintiffs have had over one year in four cases and over two years in the fifth in order to conduct discovery.

 Defendants filed their motion for summary judgment in all five cases in May. In response, Plaintiffs filed the instant motion for additional discovery under Federal Rule of Civil Procedure 56(f). Plaintiffs state that they need to conduct the deposition of three persons: Malcolm Butler, Harold Cebrun, and Martina Rodriguez. (Rees Decl. ¶¶ 6, 10-13.) Plaintiffs also state that they need additional written discovery in the area of statistics. (Rees Decl. ¶ 14.) Because Defendants' motion for summary judgment argues that Plaintiffs do not have evidence of statistical support for their allegations, Plaintiffs wish to conduct written discovery to determine Lynwood School District's statistical pattern of hiring, firing, promotion, demotion and transfer of employees based on race and age. (<u>Id.</u>)

 B. <u>Legal Standard - Rule 56(f)</u>

1    Rule 56(f) provides that when "a party opposing the motion
2 [for summary judgment] shows by affidavit that, for specified
3 reasons, it cannot present facts essential to justify its
4 opposition," the court may deny the motion for summary judgment,
5 order a continuance to permit further discovery to be taken, or
6 issue "any other just order."  Fed. R. Civ. P. 56(f); Celotex Corp.
7 v. Catrett, 477 U.S. 317, 326 (1986); Terrell v. Brewer, 935 F.2d
8 1015, 1017-18 (9th Cir. 1991).  The party requesting additional
9 discovery and a continuance under Rule 56(f) "must identify by
10 affidavit the specific facts that further discovery would reveal,
11 and explain why those facts would preclude summary judgment."
12 Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100 (9th
13 Cir. 2006).  The requesting party bears the burden of showing that
14 "the evidence sought exists"; and denial of the motion is proper
15 where "it is clear that the evidence sought is almost certainly
16 nonexistent or is the object of pure speculation."  Terrell, 935
17 F.2d at 1018.  In addition, "when the plaintiff's prior discovery
18 efforts were not diligent," the Ninth Circuit has declined to limit
19 "the district court's ability to control its docket by enforcing a
20 discovery termination date, even in the face of requested
21 supplemental discovery that might have revealed highly probative
22 evidence."  Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018,
23 1027 (9th Cir. 2006)
24    C.   Discussion
25    Plaintiffs argue that the reason they were unable to timely
26 conduct the depositions of Butler, Cebrun, and Rodriguez is the
27 fault of Defendants.  Rodriguez allegedly did not appear for her
28 deposition (set for a date four months after the close of

1  discovery), and Defendants' counsel also "did not produce Cebrun or
2  Butler."  (Rees Decl. ¶ 6.)  Defendants' counsel disputes these
3  allegations, and state that, after the close of discovery, the
4  parties simply disagreed over what voluntary exchange of
5  information would occur.  (Opp'n 4.)
6       Plaintiffs describe a number of facts they intend to elicit
7  from these witnesses which would undoubtedly affect this Court's
8  analysis on the motion for summary judgment and raise a genuine
9  issue of material fact.  Rodriguez apparently made a racist comment
10 about African-American school district employees before being
11 elected to the Board of Education and, according to Plaintiffs, her
12 deposition will reveal "that the [School] District did in fact
13 promulgate and impliment[] the discrimination complained of."
14 (Rees Decl. ¶ 11.)  Plaintiffs expect Cebrun to "testify as to his
15 first-hand knowledge of the Board's development and installation of
16 discriminatory policies and practices."  (Id. ¶ 12.)  Butler is the
17 individual that two Plaintiffs, Delaney and Gatzek, contend
18 "conducted a campaign of harassment against them," and is expected
19 to "confirm the Board's pattern of race and age discrimination."
20 (Id. ¶ 14.)  In other words, according to Plaintiffs, these three
21 witnesses represent the proverbial "smoking gun" evidence that
22 Plaintiffs need to demonstrate their various discrimination claims.
23 However, other than providing an overview of the evidence,
24 Plaintiffs do not actually describe the specific facts that these
25 witnesses will provide.  Instead, Plaintiffs provide vague and
26 general allegations of the witnesses' job titles and the basis for
27 their general testimony, without providing any actual details.
28

More importantly, other than blaming Defendants' counsel, Plaintiffs do not provide any reason why these depositions were not conducted before the discovery cut-off date in October 2008. Plaintiffs have had over one year to conduct discovery in four of the five cases and over two years in the fifth. Plaintiffs provide the Court with a number of letters between counsel to demonstrate Defendants' counsel's purported obstructive conduct. However, these letters begin in March 2009, four months after the discovery cut-off date. Plaintiffs have been or should have been aware of these witnesses since the beginning of this lawsuit. Plaintiffs' complaints contain allegations against Rodriguez and Butler, and Cebrun was the superintendent of the district during the relevant time periods. Plaintiffs submit no argument or evidence which demonstrates that their understanding of these witnesses' roles has somehow changed, and thus would merit further discovery for previously unrecognized reasons. Furthermore, Plaintiffs had an affirmative obligation to file a motion to compel discovery where Defendants have failed to act responsively to their requests.

The Court's review of Plaintiffs' request for additional discovery related to statistical evidence is similar. In their motion for summary judgment, Defendants argue that Plaintiffs lack evidence of discrimination by examining statistics of teacher hiring, firing, promotion and transfer. Plaintiffs thus state that "written discovery is necessary to controvert" Defendants' contentions. Again, Plaintiffs do not describe exactly what statistical evidence they require, what person or entity is in possession of this information, and why they failed to obtain or seek this evidence before the cut-off of discovery.

1 In sum, Plaintiffs have failed to diligently prosecute
2 discovery in this matter, and have not described in more than vague
3 or conclusory terms the specific evidence which they believe would
4 raise a genuine dispute of material fact.  Therefore, the Court
5 finds that Plaintiffs' lack of diligence and vague requests are
6 insufficient to warrant additional discovery or a continuance of
7 the hearing on the motion for summary judgment under Rule 56(f).

D. <u>Conclusion</u>

For the foregoing reasons, Plaintiffs' motion is DENIED.

**II. PLAINTIFFS' MOTION TO CONTINUE TRIAL AND RELATED DATES AND FOR AN ORDER FOR SETTLEMENT CONFERENCES**

Plaintiffs request that this Court continue the trial and require the parties to conduct additional, individual settlement conferences with each Plaintiff.

Plaintiffs' motion to continue trial is predicated on the opportunity for additional discovery and a trial date of July 14, 2009.  The Court has denied the motion for additional discovery and, accordingly, denies the motion to continue the trial on this basis.[3]  As to the motion that the Court order settlement conferences, the Court notes that the parties have already unsuccessfully engaged in some settlement discussions.  As such, the Court declines to order settlement conferences at this time.  However, as noted by Defendants, nothing precludes the parties from entering discussions on their own initiative.

Therefore, Plaintiff's motion is DENIED.

**III. CONCLUSION**

---

[3] Again, this trial date will likely be continued regardless, due to the current trial before the Court.

6

For the foregoing reasons, Plaintiffs' motions are DENIED.

IT IS SO ORDERED.

Dated: June 30, 2009

DEAN D. PREGERSON
United States District Judge